# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**KENAN KERIM**  
      Plaintiff

Case No.  
Hon.

v.

**SCOTCH & HOPS, INC. D/B/A AVENUE AMERICAN BISTRO,**  
A Michigan corporation,  
and **KARL MAKKY,** in his Official and Individual capacity  
      Defendants.

---

**MILLER COHEN, PLC**  
Keith D. Flynn (P74192)  
Kurt N. Koning (P78227)  
*Attorneys for Plaintiff*  
7700 Second Avenue, Suite 335  
Detroit, MI 48202  
(313) 964-4454 Phone  
(313) 964-4490 Fax  
kflynn@millercohen.com  
kurtkoning@millercohen.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

*There is no other pending or resolved civil action arising out of the transaction or occurrences alleged in this Complaint.*

**NOW COMES** Plaintiff, **KENAN KERIM**, on behalf of himself and all similarly situated persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.**, and for their Complaint against Defendants, **SOCTCH & HOPS, INC. D/B/A AMERICAN AVENUE BISTRO** ("Avenue American

Bistro"), **KARL MAKKY,** in his Official and Individual capacity, and state as follows:

## INTRODUCTION

1. Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §301, *et. seq.*, when they engaged in illegal policies depriving Plaintiff of fair compensation for his labor and terminating Plaintiff for asserting his rights.

2. Defendants violated the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. § 401.411, *et seq.*, when they engaged in illegal policies depriving Plaintiff of fair compensation for his labor and terminating Plaintiff for asserting his rights.

3. Defendants violated the Bullard-Plawecki Employee Right to Know Act ("BPA"), MCL 423.501 et seq., when they engaged in illegal policies depriving Plaintiff of a copy of his personnel file and terminating Plaintiff for asserting his rights.

## PARTIES

4. Plaintiff, Kenan Kerim ("Plaintiff" or "Mr. Kerim"), is a resident of the State of Michigan who was hired as a line cook by the Defendant in October 2021.

5. Defendant, Scotch and Hops, Inc. d/b/a Avenue American Bistro, is a domestic for-profit corporation registered for business at 3632 Elizabeth Street, Wayne, Michigan 48184.

6.  Defendant, Karl Makki, at all times relevant to this suit, was owner and general manager of Defendant Scotch and Hops, Inc. d/b/a Avenue American Bistro. The claims against Makki are in both the individual and official capacities, as he, as owner and general manager, is ultimately responsible for discharging Plaintiff.

7.  Plaintiff brings this action on his own behalf and on behalf of others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action, who are or were employed by Defendants as line cooks, and who are or were subject to illegally denied appropriate overtime compensation under the Fair Labor Standards Act ("FLSA") and Michigan Workforce Opportunity Wage Act ("MWOWA").

8.  Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## **JURISDICTION**

9.  This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings his claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.

10. For the state law causes of action, supplemental jurisdiction is appropriate under 28 U.S.C. § 1367. The pendant claim is part of the same case or

controversy. It does not substantially predominate. It does not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

11. Venue is proper in this Court because Defendant Scotch and Hops, Inc. d/b/a Avenue American Bistro is licensed to conduct business in the State of Michigan, including the Eastern District of Michigan. 28 U.S.C. 1391(c) & (d).

## GENERAL ALLEGATIONS

12. Defendant, Avenue American Bistro, is a restaurant and bar that specializes in "high quality, scratch-made cooking with a genuine midwestern touch."

13. Defendants hired Plaintiff to be a line cook in October 2021.

14. Defendants employed Plaintiff and similarly situated employees, known and unknown, as line cooks in the State of Michigan.

15. As line cooks, Plaintiff and similarly situated employees, known and unknown, were primarily responsible for cooking food for the restaurant.

16. As line cooks, Plaintiff and similarly situated employees, known and unknown, were paid hourly with overtime for any hours worked over forty (40) in a week.

17. In November 2021, Defendants unilaterally designated Plaintiff a "salaried" employee.

18. As part of a policy or practice, Defendants unilaterally designated Plaintiff and similarly situated employees, known and unknown, as "salaried" employees.

19. As a "salaried" employee, Plaintiff was paid $1,020 dollars per week without overtime.

20. Despite becoming a "salaried" employee, none of his job functions changed.

21. Upon information and belief, as part of the Defendants' policy or practice, other similarly situated employees were also notified by Defendants that they were being classified as "salaried" employees and were paid a fixed salary without overtime.

22. Defendants specifically did this as a way to avoid overtime.

23. In January 2022, Plaintiff had a meeting with Defendants to express his dissatisfaction with his position being classified by the Defendants as "salaried."

24. In response, Defendants told Plaintiff that Defendant cannot pay overtime, but could raise his salary.

25. Defendants also explained that despite being on salary, Plaintiff would not be paid for shifts that Plaintiff missed.

26. In February 2022, Plaintiff's salary was increased to $1,057 dollars per week.

27. Plaintiff's salary would remain at $1,057 dollars per week until he was terminated in July 2023.

28. As part of a policy or practice, Defendants routinely scheduled Plaintiff and similarly situated employees, known and unknown, to work more than sixty (60) hours per week throughout their time as "salaried" employees.

29. As part of a policy or practice, while Plaintiff and similarly situated employees, known and unknown, worked as "salaried" employees, Defendants would reduce Plaintiff's and similarly situated employees' compensation whenever Plaintiff and similarly situated employees, known and unknown, missed a shift.

30. Between October 11, 2021, and July 23, 2023, Mr. Kerim worked more than one thousand (1000) hours of overtime for the Defendants.

31. In July 2023, Plaintiff asserted that he was not being properly compensated by the Defendants due to its failure to pay him overtime at time-and-a-half for hours in excess of 40 hours in a workweek. Further, Plaintiff requested a copy of his personnel file.

32. In response to Mr. Kerim's inquiry, the Defendants terminated Mr. Kerim.

33. Defendants had actual or constructive knowledge of all of the uncompensated work alleged in this Complaint.

34. On information and belief, Defendants followed, and continue to follow, the practices described above.

## CLASS AND COLLECTIVE ACTION

35. Plaintiffs incorporate by reference all preceding paragraphs.

36. Count I is brought as a collective action under the FLSA, 29 U.S.C. § 216(b).

37. Count III is brought as a class action under the MWOWA.

38. The representative and those similarly situated have been equally affected by Defendants' policies and practices in violation of FLSA.

39. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

40. The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

41. The representative, those similarly situated, and Defendants have a commonality of interest in the subject matter and remedy sought.

42. A collective action is appropriate because the Plaintiff is "similarly situated" to the absent members of the class.

43. The class of individuals on behalf of whom the named Plaintiff brings this collective action are similarly situated because they have been or are employed

7

in the same or similar positions as the individually named Plaintiff by Defendants; all individuals were or are subject to the same or similar unlawful practices, policies, or plans as the individually named Plaintiff; and their claims are based upon the same legal theory as those of the named Plaintiff.

44. A class action is appropriate because Plaintiff meets the requirements of M.C.R. § 3.501(A).

45. The precise number of individuals in the class is known only to the Defendants, but the class is believed to include over 20 individuals. Joinder of all class members is impracticable.

46. There are questions of law and fact common to the class. The common questions include but are not limited to:

    a. Whether Defendants failed to pay overtime at time-and-a-half for all compensable hours;

    b. Whether Plaintiffs are entitled to actual or liquidated damages and the other requested relief.

47. Plaintiff's claims are typical of the class he seeks to represent. Plaintiff and the class work or have worked for Avenue American Bistro and have been subjected to a pattern or practice of overtime violations. Defendants acted and refused to act on grounds generally applicable to the class, which makes declaratory

relief with respect to the class appropriate. These typical, common claims predominate over any questions affecting only individual class members.

48. The representative is able to fairly and adequately represent and protect the interests of those similarly situated. The named Plaintiff has the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

49. Plaintiff's counsel is competent and experienced in complex class action employment litigation. Plaintiff's counsel has handled numerous actions in federal courts, including collective actions under the FLSA.

50. If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to those similarly situated, Defendants, and the resources of the Court.

51. A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

52. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a

corporate defendant. The members of the class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance. The relative damages suffered by individual members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' actions. It is desirable that the claims be heard in this forum since Defendants are subject to the Court's jurisdiction, and the actions giving rise to claim occurred in this district.

53. A class action can be managed without undue difficulty because Defendants have regularly committed the violations of which the Plaintiff complains, and Defendants are required to maintain detailed records concerning each class member.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### COLLECTIVE ACTION
### Nonpayment of Overtime

54. Plaintiff incorporates by reference all preceding paragraphs.

55. At all relevant times to this action, Plaintiff and all similarly situated persons, known or unknown, were employees of the Defendants within the meaning of the FLSA. 29 U.S.C. § 203(e).

56. At all relevant times to this action, Defendants were an employer of the Plaintiff, and all similarly situated persons, known or unknown, within the meaning of the FLSA. 29 U.S.C. § 203(d).

57. At all relevant times to this action, Plaintiff and all similarly situated persons, known or unknown, were entitled to time and a half for all hours worked over forty per week. 29 U.S.C. § 207.

58. Defendants knowingly, intentionally, and willfully violated the FLSA's overtime provisions by only paying Plaintiff and all similarly situated persons, known or unknown, straight time (salary) for hours worked over forty each week, as opposed to time and a half.

59. As line cooks, Plaintiff and all similarly situated persons, known or unknown, would qualify as a non-exempt employees under the FLSA. 29 U.S.C. § 213.

60. Defendants have a pattern and practice of failing to properly follow the FLSA provisions for overtime compensation, as evidenced by the experiences of the named Plaintiff and class members.

WHEREFORE, Plaintiff and similarly situated employees, known and unknown, are entitled to an award of damages including but not limited to back pay for all unpaid overtime, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

### COUNT II –FAIR LABOR STANDARDS ACT RETALIATION
### (Pertaining Only to Plaintiff Kerim)

61. Plaintiff incorporates by reference all preceding paragraphs.

62. At all relevant times to this action, Plaintiff was an employee of the Defendants within the meaning of the FLSA. 29 U.S.C. § 203(e).

63. At all relevant times to this action, Defendants were an employer of the Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

64. At all relevant times to this action, Plaintiff was entitled to time and a half for all hours worked over forty per week. 29 U.S.C. § 207.

65. Defendants knowingly, intentionally, and willfully violated the FLSA's overtime provisions by only paying Plaintiff straight time (salary) for hours worked over forty each week, as opposed to time and a half.

66. As a line cook, Mr. Kerim would qualify as a non-exempt employee under the FLSA. 29 U.S.C. § 213.

67. The FLSA prohibits retaliation against employees who assert their rights under the FLSA. 29 U.S.C. § 215.

68. In July 2023, Mr. Kerim asserted that he was not being properly compensated by Defendants due to their failure to pay him overtime at time-and-a-half for hours in excess of 40 hours in a workweek. Further, he requested a copy of his personnel file.

69. In response to Mr. Kerim's inquiry, the Defendants terminated Mr. Kerim.

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay for all unpaid overtime, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

### COUNT III – VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### COLLECTIVE ACTION
### Nonpayment of Overtime

70. Plaintiff incorporates by reference all preceding paragraphs.

71. At all relevant times to this action, Plaintiff and all members of the class were employees of the Defendants within the meaning of the MWOWA. M.C.L. § 408.412(c).

72. At all relevant times to this action, Defendants were an employer of the Plaintiff within the meaning of the MWOWA. M.C.L. § 408.412(d).

73. At all relevant times to this action, Plaintiff and all members of the class were entitled to time and a half for all hours worked over forty per week. M.C.L. § 404.414a.

74. Defendants knowingly, intentionally, and willfully violated the MWOWA's overtime provisions by only paying Plaintiff and all members of the class straight time (salary) for hours worked over forty each week, as opposed to time and a half.

75. As line cooks, Plaintiff and all members of the class would not qualify as exempt under the MWOWA. M.C.L. § 408.414a.

WHEREFORE, Plaintiff and all members of the class are entitled to an award of damages including but not limited to back pay for all unpaid overtime, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

### COUNT IV –MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT RETALIATION
### (Pertaining Only to Plaintiff Kerim)

76. Plaintiff incorporates by reference all preceding paragraphs.

77. At all relevant times to this action, Plaintiff was an employee of the Defendant within the meaning of the MWOWA. M.C.L. § 408.412(c).

78. At all relevant times to this action, Defendant was an employer of the Plaintiff within the meaning of the MWOWA. M.C.L. § 408.412(d).

79. At all relevant times to this action, Plaintiff was entitled to time and a half for all hours worked over forty per week. M.C.L. § 404.414a.

80. Defendants knowingly, intentionally, and willfully violated the MWOWA's overtime provisions by only paying Plaintiff straight time (salary) for hours worked over forty each week, as opposed to time and a half.

81. As a line cook, Mr. Kerim would not qualify as exempt under the MWOWA. M.C.L. § 408.414a.

82. The MWOWA prohibits retaliation against employees who assert their rights under the MWOWA.

83. In July 2023, Mr. Kerim asserted that he was not being properly compensated by Defendants due to their failure to pay him overtime at time-and-a-half for hours in excess of 40 hours in a workweek. Further, he requested a copy of his personnel file.

84. In response to Mr. Kerim's inquiry, the Defendant terminated Mr. Kerim.

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay for all unpaid overtime, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

## COUNT V: VIOLATION OF THE BULLARD-PLAWECKI RIGHT TO KNOW ACT
### (Pertaining Only to Plaintiff Kerim)

85. Plaintiff incorporates by reference all preceding paragraphs.

86. At all relevant times to this action, Plaintiff was an employee or former employee of the Defendants within the meaning of the BPA. MCL 423.501(2)(a).

87. At all relevant times to this action, Defendants were an employer of the Plaintiff within the meaning of the BPA. MCL 423.201(2)(b).

88. At all relevant times to this action, Plaintiff was entitled to review, copy, and file a written response to his employee records. MCL 423.503.

89. The BPA prohibits retaliation against employees who assert their rights under the BPA.

90. In July 2023, Plaintiff provided Defendants a written request for his personnel file.

91. In response, Defendants told Plaintiff that they are not required to keep those types of records nor are they legally obligated to provide Plaintiff with copies.

92. Defendants did not provide Plaintiff with a copy of his personnel file.

93. Defendants terminated Mr. Kerim following his request for his personnel file.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Kenan Kerim, and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. Permission for individuals throughout the State of Michigan who are currently employed or were employed by Defendant as line cooks who were subjected to impermissible overtime compensation practices, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b. Certification of a class action for individuals throughout the State of Michigan who are currently employed or were employed by Defendants as line cooks who were subjected to impermissible overtime compensation practices pursuant to MCR 3.501

c. Back pay for the unpaid overtime compensation under the FLSA and the MWOWA.

d. Liquidated and multiple damages as allowed by law, including double damages under the FLSA.

e. Compensatory and punitive damages under the FLSA, MWOWA and/or BPA.

f. Post-judgment assignment of attorneys' fees, costs, and interest.

g. Any other relief to which Plaintiff may be entitled.

                                  Respectfully submitted,
                                  **MILLER COHEN, PLC**

By: */s/ Keith D. Flynn*_____
        **MILLER COHEN, PLC**
        Keith D. Flynn (P74192)
        Kurt N. Koning (P78227)
        *Attorneys for Plaintiff*
        7700 Second Avenue, Suite 335
        Detroit, MI 48202
        (313) 964-4454 Phone
        (313) 964-4490 Fax
        kflynn@millercohen.com
        kurtkoning@millercohen.com

Dated: December 22, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENAN KERIM**
        Plaintiff

Case No.
Hon.

v.

**SCOTCH & HOPS, INC. D/B/A**
**AVENUE AMERICAN BISTRO**
        Defendant.

---

**MILLER COHEN, PLC**
Keith D. Flynn (P74192)
Kurt N. Koning (P78227)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
kurtkoning@millercohen.com

---

## **DEMAND FOR TRIAL BY JURY**

    **NOW COMES** Plaintiff, **KENAN KERIM**, on behalf of himself and all similarly situated persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.**, and hereby demand a trial by jury, for all issues so triable.

                                    Respectfully submitted,
                                    **MILLER COHEN, P.L.C.**

By:   */s/ Keith D. Flynn*
        Keith D. Flynn (P74192)
        *Attorneys for Plaintiff*
        7700 Second Avenue, Suite 335
        Detroit, MI  48226
        (313) 964-4454 Phone
        kflynn@millercohen.com

Date: December 22, 2023