UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENAN KERIM,

        Plaintiff,                      Case No. 23-cv-13263

v.                                         HON. MARK A. GOLDSMITH

SCOTCH & HOPS, INC.
D/B/A/ AVENUE AMERICAN BISTRO et al.,

        Defendants.
_____/

**<u>ORDER REGARDING THE SCOPE OF PRELIMINARY DISCOVERY</u>**

        Plaintiff Kenan Kerim brings this action on his own behalf and on behalf of others similarly situated who are or were employed by Defendants as line cooks for violations of the Fair Labor Standards Act (FLSA) and the Michigan Workforce Opportunity Wage Act (MWOWA). The Court held a status conference on May 13, 2024, where multiple issues were addressed, including the scope of preliminary discovery. After the status conference, the Court directed the parties to file a joint statement addressing the issue of whether Kerim himself should be entitled to: (A) see the list of Defendants' employees and their payroll and time records; and (B) have the ability to communicate with the employees about this case. <u>See</u> 5/16/24 Order at 2 (Dkt. 24). The parties submitted a Joint Statement, which the Court has reviewed (Dkt. 25).

        The Court agrees with Kerim that a provision designating the list of Defendants' employees and their payroll records as "attorneys' eyes only" is sufficient to prevent possible harassment. In <u>Gulf Oil Co. v. Bernard</u>, 482 U.S. 89 (1981), the United States Supreme Court warned of various problems that can arise from limiting communications between parties and potential class members, including interfering with "efforts to inform potential class members of the existence of

1

the lawsuit" and making it more difficult for class representatives to "obtain information about the merits of the case from the persons they sought to represent." Bernard, 452 U.S. at 101. The Supreme Court explained that such an order "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Id. The Supreme Court also instructed that "such a weighing . . . should result in a carefully drawn order that limits speech as little as possible . . . ." Id. at 102.

As Kerim notes, Defendants have not referenced any improper communications between Kerim and other employees. See Joint Statement at 4–5. The fact that Kerim has a felony conviction is not enough to establish a "clear record and specific findings," as required by Bernard, that would warrant a "gag order" prohibiting Kerim from communicating with his former co-employees. Nonetheless, there is no current need for Kerim to have access to certain records that Defendants will turn over to Kerim's counsel. Thus, the list of Defendants' employees and their payroll and time records will remain "attorneys' eyes only."

SO ORDERED.

Dated: May 23, 2024                       s/Mark A. Goldsmith
       Detroit, Michigan              MARK A. GOLDSMITH
                                          United States District Judge